IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2006

Charles R. Fulbruge III
Clerk

No. 02-50452

MARJORIE MEYERS, by Next Friend Edgar C. Benning, on behalf of herself and all others similarly situated; HELEN ELKIN, on behalf of herself and all others similarly situated; RUTH H. DAVIS, on behalf of herself and all others similarly situated; PHILLIP GREENBERG, on behalf of himself and all others similarly situated,

Plaintiffs-Appellants,

VERSUS

STATE OF TEXAS; TEXAS DEPARTMENT OF TRANSPORTATION; WILLIAM G. BURNETT, Executive Director of the Texas Department of Transportation,

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Texas

ON PETITION FOR REHEARING

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

Treating the Petition for Rehearing En Banc as a Petition for Panel Rehearing, the Petition for Panel Rehearing is DENIED. No member of the panel nor judge in regular active service of the court having requested that the court be polled on Rehearing En Banc (FED R. APP. P. and 5TH CIR. R. 35), the Petition for Rehearing En Banc is DENIED.

The narrow holding in the instant case is that, under the Supreme Court's decision in Lapides v. Bd. of Regents of Georgia, 535 U.S. 613, 122 S.Ct. 1640 (2002), when a State removes to federal court a private state court suit based on a federal-law claim, it invokes federal jurisdiction and thus waives its unqualified right to object peremptorily to the federal district court's jurisdiction on the ground of state sovereign immunity. However, that waiver does not affect or limit the State's ability to assert whatever rights, immunities or defenses are provided for by its own sovereign immunity law to defeat the claims against the State finally and on their merits in the federal courts. In sum, Texas may assert its state sovereign immunity as defined by its own law as a defense against the plaintiffs' claims in the federal courts, but it may not use it to defeat federal jurisdiction or as a return ticket back to the state court system. Additionally, the panel opinion does not reach or decide, but remands for further proceedings, the issues of whether the ADA Title II on its face or as applied constitutionally abrogates the State's sovereign immunity; whether the plaintiffs failed to state a claim based on a violation of Title II or the regulation; whether the regulation sued upon is invalid under Chevron USA Inc v. NRDC, 467 US 837, 104 S.Ct. 2778 (1984); and whether the Commerce Clause authorizes the enactment of ADA Title II.

IT IS SO ORDERED.