**AFFIRM; and Opinion Filed June 17, 2024.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00877-CV**

**LUKE NUTTALL, Appellant**
**V.**
**DALLAS INDEPENDENT SCHOOL DISTRICT, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-15006**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Kennedy
Opinion by Justice Kennedy

On our own motion, we withdraw our opinion of May 13, 2024, vacate our judgment of same date, and substitute this opinion in its place. In this interlocutory appeal from the trial court's dismissal of certain claims Luke Nuttall asserted against Dallas Independent School District ("DISD") for lack of subject-matter jurisdiction, Nuttall, appearing *pro se*, asserts DISD waived its immunity when it removed the case to federal court, and, alternatively, if DISD did not waive immunity by removing the case, the trial court nevertheless had jurisdiction over his claims. In addition, Nuttall claims he did not receive proper notice before the trial court

dismissed his claims.[1]   We affirm the trial court's order dismissing Nuttall's Education Code, breach of contract, Whistleblower Act, and tort claims.  Because all issues are settled in law, we issue this memorandum opinion.  TEX. R. APP. P. 47.4.

## BACKGROUND

On December 13, 2019, DISD hired Nuttall to teach geometry at Hillcrest High School for the remainder of the 2019–2020 school year.  Because DISD hired Nuttall mid-way through the school year, it prorated his salary based on the workdays that remained in the school year.  Nuttall believed that in calculating his salary in this way, DISD was engaging in a prohibited double-prorating scheme.

On January 27, 2020, Nuttall filed a Level I grievance with DISD regarding his compensation.  He asserted that his compensation did not comply with sections 21.401 and 21.402 of the Texas Education Code[2] and was significantly lower than the salary DISD offered to pay him.  Nuttall's grievance was heard on February 11, 2020, and denied on February 19 in its entirety with a finding that his claims were without merit.

---

[1] While Nuttall lists five issues in his brief, he acknowledges that his main arguments are (a) DISD waived its immunity by voluntarily invoking the jurisdiction of the federal court (issue 1), (b) he was not given proper notice before the hearing on DISD's plea to the jurisdiction (issues 2 and 4), and (c) the court, independent of DISD's removal of the case, has subject-matter jurisdiction over his claims (issue 3).  In his fifth issue, Nuttall asserts he should have been given an opportunity to amend his pleading to rectify any deficiencies in same.  It appears Nuttall's fifth issue relates to his second and fourth issues.

[2] Section 21.401 sets for the minimum service required by a contract between the school district and the educator.  TEX. EDUC. CODE § 21.401.  Section 21.402 sets forth the minimum salary schedule for certain professional staff.  Id. § 21.402.

On February 26, Nuttall filed a Level II grievance appeal. A hearing was conducted on the appeal, and the appeal was denied on September 17 with a finding that Nuttall had been paid "in accordance with the law and District policy" and was "significantly more than the state minimum."

On September 17, Nuttall filed a Level III grievance appeal and requested a hearing before DISD's Board of Trustees. The Board of Trustees conducted a hearing on Nuttall's appeal on October 22 and voted unanimously to deny same. The record does not contain any indication that Nuttall appealed the Board of Trustee's decision on his compensation to the Commissioner of Education.

Nuttall continued his employment at Hillcrest High School during the 2020–2021 school year. In the fall of 2020, during the COVID-19 pandemic, DISD reopened schools for in-person instruction and required all teachers to physically return to campuses by September 17, 2020. If a teacher wanted to work remotely after September 17, he or she was required to request either an alternative work arrangement or an accommodation under the Americans with Disabilities Act ("ADA") or apply for leave. If the teacher's request or application was not approved, he or she was expected to physically report to campus on September 17.

Nuttall submitted requests for an alternative work arrangement and for an accommodation to work remotely. DISD denied his requests, and Nuttall refused to return to campus. After giving Nuttall several warnings, DISD sent him a Final Return to Work Notice on November 9. The notice advised Nuttall that the

–3–

information he submitted with his request for an ADA accommodation was insufficient. DISD directed Nuttall to return to work, apply for leave, submit specific medical information from his health care provider, or submit a separation form. The notice further advised Nuttall that his failure to initiate one of the stated options by November 16 might result in a recommendation for termination. Nuttall did not initiate any of the stated options by November 16.

DISD's Benefits Review Committee referred the matter of Nuttall's employment to the Legal Review Committee to consider potential termination of same. On December 9, the Legal Review Committee voted to recommend termination of Nuttall's employment.

On January 5, 2021, DISD emailed a notice of recommended termination, dated December 16, 2020, to Nuttall.

On January 15, Nuttall filed a request for a hearing with the Texas Education Agency ("TEA"), Commissioner of Education, under Chapter 21, Subchapter F of the Texas Education Code, regarding the Notice of Recommended Termination. Thereafter, an Independent Hearing Examiner ("IHE") conducted an evidentiary hearing and, on April 28, issued a written recommendation, in which the IHE found Nuttall failed to perform his duties in a manner a person of ordinary prudence would have done under similar circumstances and acted in a manner inconsistent with the continued existence of the employer–employee relationship. The IHE concluded that Nuttall's conduct violated Board policy as stated in the notice of recommended

–4–

termination. The IHE further found Nuttall abandoned his job, good cause existed to terminate his contract, recommended termination of his contract, and noted that Nuttall secured a teaching position in China starting in August 2021. On May 13, DISD's Board of Trustees unanimously voted to terminate Nuttall's contract.

On June 1, Nuttall filed a petition for review with the Commissioner of Education appealing the Board of Trustees' decision to terminate his employment contract. On July 15, the Commissioner of Education denied Nuttall's Chapter 21 administrative appeal finding DISD had legitimate reasons for terminating his employment.

On October 8, 2020, Nuttall, representing himself, filed suit against DISD asserting what appear to be claims under the Fair Labor Standards Act ("FLSA"), the Texas Education Code, the Texas Whistleblower Act, the Texas Tort Claims Act ("TTCA"), and the Texas Public Information Act ("PIA"). On November 9, DISD removed the case to federal court on the basis of federal-question jurisdiction due to the FLSA claim. Thereafter, Nuttall amended his complaint twice, and DISD moved to dismiss his second amended complaint. On March 9, 2023, the federal court granted DISD's motion in part, dismissing Nuttall's FLSA claim with prejudice, and remanding his remaining state-law claims to the state district court.

On August 8, 2023, in the state-court action, DISD filed a plea to the jurisdiction and motion to dismiss Nuttall's claims, supported by evidence, requesting that the court dismiss Nuttall's Education Code and breach-of-contract

claims because he did not exhaust mandatory administrative remedies and Nuttall's Whistleblower Act and tort claims because he did not establish a waiver of DISD's immunity. On August 9, DISD gave Nuttall notice that its plea would be heard on August 17. Nuttall filed a response on August 16 asserting he had not been given proper notice of DISD's plea to the jurisdiction and hearing thereon and requesting a continuance to compile relevant evidence. On August 17, the trial court granted DISD's plea to the jurisdiction and dismissed Nuttall's Education Code, breach of contract, Whistleblower Act and tort claims with prejudice for lack of subject-matter jurisdiction.[3] This appeal followed.[4] *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (permitting an interlocutory appeal from an order granting a plea to the jurisdiction by a governmental unit).

## GOVERNMENTAL IMMUNITY

Governmental units, including school districts, are immune from suit unless the state waives immunity. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). Absent an express and unequivocal waiver of immunity, a court does not have subject-matter jurisdiction over a suit against a governmental unit. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Whether the

---

[3] DISD did not move to dismiss Nuttall's PIA claim. It appears that claim remains pending in the trial court.

[4] Nuttall asks this Court to consider documents he includes in the appendix to his brief that are not in the appellate record. We may not consider documents in an appendix that are not in the appellate record. TEX. R. APP. P. 34.1; *Bertrand v. Bertrand*, 449 S.W.3d 856, 863 n.8 (Tex. App.—Dallas 2014, no pet.).

–6–

trial court has subject-matter jurisdiction is a matter of law that is reviewed on appeal de novo. *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 929 (Tex. 2010).

Governmental immunity is properly asserted in a plea to the jurisdiction. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012). A plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both. *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). If a jurisdictional challenge implicates the merits of the plaintiff's cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists. *Id.* at 227. In that case, the standard for granting or denying the plea generally mirrors that of a summary judgment. *Id.* at 227–28.

## DISCUSSION

### I. Removal to Federal Court

In his first issue, Nuttall claims DISD waived its governmental immunity when it removed the case to federal court. In doing so, Nuttall relies upon certain decisions from the United States Supreme Court and the Fifth Circuit, each addressing immunity under the Eleventh Amendment to the United States Constitution.[5] *Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613 (2002); *Alden v. Maine*, 527 U.S. 706 (1999); *Meyers ex rel. Benzing v.*

---

[5] The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

*Texas*, 410 F.3d 236 (5th Cir. 2005). These cases are distinguishable from the current case.

As an initial matter we note, the Eleventh Amendment immunity at issue in the cases on which Nuttall relies applies to state but not local governmental entities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) (holding that the Eleventh Amendment bars suits brought by private citizens against states unless the state has waived or Congress has abrogated state immunity). The Texas Supreme Court has stated, "We hold that an independent school district is more like a city or county than it is like an arm of the State of Texas and is amenable to suit in federal court under the Eleventh Amendment of the United States Constitution." *San Antonio Indep. Sch. Dist. v. McKinney*, 936 S.W.2d 279, 284 (Tex. 1996).

Nuttall contends that *Alden* clarified the waiver upon removal to federal court refers to all immunity from suit. More particularly, Nuttall contends *Alden* establishes there is no such thing as Eleventh Amendment immunity separate and apart from state sovereign immunity. *Alden*, 527 U.S. at 713. Thus, it appears Nuttall is urging *Lapides* and *Meyers* are instructive here notwithstanding the fact that DISD lacks any claim of immunity from suit in federal court based upon the Eleventh Amendment.

To the extent the Eleventh Amendment distinction here is inconsequential, we note that *Lapides* is distinguishable for other reasons. In *Lapides*, the Board of Regents of the University System of Georgia and university officials removed the

case to federal court on the basis of federal-question jurisdiction. The board conceded that a state statute had waived sovereign immunity from state-law claims in state court, but claimed immunity had not been waived when those claims were brought in federal court. *Lapides*, 535 U.S. at 617. After removing the case, the board asserted its federal-court immunity to Lapides' claim under the Georgia Tort Claims Act. *Id.* at 616. The issue before the United States Supreme Court in *Lapides* narrowly addressed whether the board waived its Eleventh Amendment immunity by its affirmative litigation conduct when it removed the case to federal court. *See id.* at 617. The court expressly limited its answer to the context of state-law claims, with respect to which there has been an explicit waiver of immunity from state-court proceedings. *Id.* The court concluded that, by voluntarily agreeing to remove the case to federal court, the board invoked the federal court's jurisdiction and waived its otherwise valid objection to litigation of a matter—i.e. state law claims—in a federal forum. *Id.* at 623–24. The court noted that its ruling did not address "the scope of waiver by removal in a situation where the State's underlying sovereign immunity from suit has not been waived or abrogated in state court." *Id.* at 617–18. The Supreme Court limited its holding in *Lapides* to the facts presented in that case. Those facts are materially different from the facts of this case. Unlike the board of regents, DISD has not conceded that Nuttall could sue it in state court. To the contrary, DISD argues that it has not waived immunities from suit or liability provided by state law. Moreover, waiver by litigation conduct transpires only when

a state employs procedural maneuvering to gain an unfair tactical advantage. *Bergemann v. Rhode Island Dep't of Env't Mgmt*, 665 F.3d 336, 342 (1st Cir. 2011). In *Lapides*, the board sought to regain, by a change in forum, a litigation advantage (immunity) that the state had already renounced by general statute. Here, no such advantage was sought by DISD when it removed the case to federal court because DISD was not attempting to regain immunity that had already been renounced. Accordingly, we conclude *Lapides* is distinguishable from the current case and does not support Nuttall's assertion DISD waived all immunity from suit when it removed the case to federal court.

Nuttall also cites the Fifth Circuit's decision in *Meyers* claiming it supports his contention that *Lapides* applies to governmental entities as a waiver of sovereign immunity in any private suit governmental entities remove to federal court. In *Meyers*, after removing the case to federal court, the State of Texas moved to dismiss plaintiffs' claim for lack of subject matter jurisdiction on the grounds of Texas's Eleventh Amendment immunity. *Meyers*, 410 F.3d at 240. In *Meyers*, the court noted that the *Lapides* holding was limited to the context of state law claims, with respect to which the State had waived immunity in its own courts. *Id.* at 244. The court went on to state, "[W]hen Texas removed this case to federal court it voluntarily invoked the jurisdiction of the federal courts and waived its immunity

from suit in federal court."[6]  *Id.* at 255.  In denying a petition for rehearing and rehearing en banc in *Meyers*, the Fifth Circuit explained that when a state entity removes to federal court a private state court suit based on a federal-law claim, it only waives its right to object to the federal court's jurisdiction based on its Eleventh Amendment immunity.  *Meyers ex rel. Benzing v. Tex.*, 454 F.3d 503, 504 (5th Cir. 2006).  This waiver "does not affect or limit the [state entity's] ability to assert whatever rights, immunities or defenses are provided for by its own sovereign immunity law to defeat the claims against [it] finally and on their merits in the federal courts."  *Id.*  *Meyers* did not address a governmental entities' ability to assert immunity from suit for state-law claims upon remand.

In this case, after the federal court dismissed Nuttall's FLSA claim, it declined to exercise supplemental jurisdiction over Nuttall's remaining state-law claims and instead remanded them back to state court.  None of the cases cited by Nuttall are on

---

[6] We note that the challenge of interpreting *Lapides* has divided the circuit courts of appeals.  Some courts have concluded that removal does not waive a state's sovereign immunity to a claim unless the state previously had waived its immunity to such a claim in state court proceedings.  *See Bergmann v. Rhode Island Dep't Env't Mgmt*, 665 F.3d 336, 342 (1st Cir. 2011) (concluding *Stewart* and *Watters* best reasoned and most faithful to teachings of *Lapides* court); *Stewart v. N. Carolina*, 393 F.3d 484, 490 (4th Cir. 2005) (noting North Carolina did not seek to regain immunity it had previously abandoned, it merely sought to have sovereign immunity issue resolved by federal court rather than state court); *Watters v. Wash. Metro. Area Transit Auth.*, 295 F.3d 36, 42 n. 13 (D.C. Cir. 2002) (concluding because WMATA signatories had not waived immunity in their own courts the narrow holding of *Lapides* does not apply).  Others read *Lapides* as operating more mechanically and take the position that, regardless of the circumstances, removal always waives immunity.  *See Bd. of Regents of the Univ. of Wis. Sys. v. Phx. Int'l Software, Inc.*, 653 F.3d 448, 461 (7th Cir. 2011); *Embury v. King,* 361 F.3d 562, 564 (9th Cir. 2004).  The Third Circuit, the Tenth Circuit, and the Eleventh Circuit have followed the Fifth Circuit in concluding removal of federal claims generally does not waive immunity from payment of money damages but does waive immunity from suit.  *See Tant v. Oklahoma*, 754 F.3d 1158, 1174 (10th Cir. 2014); *Stroud v. McIntosh*, 722 F.3d 1294, 1301 (11th Cir. 2013); *Lombardo v. Pa. Dep't of Pub. Welfare,* 540 F.3d 190, 198–200 (3d Cir. 2008).

–11–

all fours with this case because they do not address or concern a governmental entity's ability to assert immunity from suit for state law claims in state court upon remand after removal to federal court.

Nuttall fails to cite any opinions in which *Lapides* or *Meyers* have been applied in the same context as the facts before us. Nor have we found any controlling authority to support his argument that by removing the case to federal court, DISD waived any right to rely on governmental immunity under state law. We overrule Nuttall's first issue.

## II.    Notice of Hearing on Motion to Dismiss

In his second and fourth issues, Nuttall challenges the notice given on the hearing on DISD's plea to the jurisdiction. He urges the trial court erred in granting DISD's plea to the jurisdiction and motion to dismiss because DISD did not comply with the requirements of Rule 91a of the Texas Rules of Civil Procedure (Dismissal of Baseless Causes of Action). More particularly, Nuttall contends that DISD was required to give the 21-day notice specified in Rule 91a and that had he been given such notice he would have filed an amendment to cure any pleading deficiencies. In addition, he contends that DISD failed to comply with Rule 91a's requirement that a motion to dismiss be filed within 60 days after the challenged pleading is served.

While DISD styled its filing as a plea to the jurisdiction and motion to dismiss, it claimed the court lacked subject-matter jurisdiction over the challenged claims. The filing did not include a Rule 91a motion to dismiss, rather it requested dismissal

of the claims due to a lack of jurisdiction. Moreover, the record shows the trial court considered the filing to be a plea to the jurisdiction and specifically found that "the Plea to the Jurisdiction should and hereby is GRANTED."[7] Thus, DISD was not required to comply with Rule 91a's requirements.

Nuttall further urges that because the standard for a plea to the jurisdiction that relies on evidence generally mirrors the summary judgment standard under Rule 166(c) of the Texas Rules of Civil Procedure, the 21-day notice provision set forth in Rule 166(c) should apply to the plea as well. A party may challenge the trial court's subject-matter jurisdiction using either the plea-to-the-jurisdiction or summary-judgment vehicle. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) ("The absence of subject-matter jurisdiction may be raised by a plea to the jurisdiction, as well as by other procedural vehicles, such as a motion for summary judgment." (footnotes omitted)). Here, DISD used a plea to the jurisdiction to challenge the trial court's subject-matter jurisdiction, and thus, the twenty-one-day notice period applicable to motions for summary judgment did not apply. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228–29 (Tex. 2004) (explaining that when a plea to the jurisdiction challenges the

---

[7] If DISD's filing were construed to be a Rule 91a motion, we would have to dismiss this appeal for lack of jurisdiction because nothing permits an interlocutory appeal from an order that grants a Rule 91a motion to dismiss that does not dispose of all pending claims. *See* CIV. PRAC. & REM. § 51.014; *see also DRC Constr. v. Pickle*, No. 01-20-00576-CV, 2022 WL 479918, at *3–4 (Tex. App.—Houston [1st Dist.] Feb. 17, 2022, no pet.) (mem. op.).

jurisdictional facts, the summary-judgment standard of proof applies, but the twenty-one-day-notice requirement does not).

In his fifth issue, Nuttall contends that the trial court should have continued the hearing on DISD's plea to allow him to properly state his retaliation claim under an anti-discrimination statute rather than the Whistleblower Act. But he did not seek a continuance on this basis.[8] Rather, he claimed he needed additional time "to allow him the opportunity to make filings of evidence and a complete reply after having adequate time to research the claims and assertions of [DISD], and compile relevant evidence."[9] Accordingly, Nuttall has not preserved this complaint on appeal. TEX. R. APP. P. 33.1.

Nevertheless, we note that the scheduling of a hearing of a plea to the jurisdiction is left to the discretion of the trial court, which is in the best position to evaluate the appropriate time frame for hearing a plea in any particular case. *Miranda*, 133 S.W.3d at 229. Given the history of this case, the fact that the trial court began the hearing on DISD's plea to the jurisdiction by stating, "The Court is well familiar with you all," the fact that Nuttall did not demonstrate to the trial court

---

[8] We note in passing that, in the conclusion to his response to DISD's plea to the jurisdiction, Nuttall asked the court to identify the shortcomings of his complaint and allow an opportunity to amend. Nuttall did not make any request for a continuance for purposes of amending his petition at the hearing on DISD's plea to the jurisdiction he focused solely on the ability to obtain evidence.

[9] Notwithstanding the fact that on appeal Nuttall does not claim he needed additional time to conduct discovery, we note that had he argued this point we would apply an abuse-of-discretion standard of review to the trial court's decision not to grant a continuance because the trial court has firsthand knowledge of the development of a case. *Patten v. Johnson*, 429 S.W.3d 767, 776 (Tex. App.—Dallas 2014, pet. denied).

an ability to overcome the jurisdictional challenges, and the fact that Nuttall had numerous opportunities prior to the hearing on the plea to the jurisdiction to amend his pleadings, we cannot conclude the trial court abused its discretion in not continuing the hearing to afford Nuttall an opportunity to further amend his petition.[10]

We overrule Nuttall's second, fourth and fifth issues.

## III. Subject-Matter Jurisdiction

In his third issue, Nuttall asserts the trial court had jurisdiction over his Education Code, breach-of-contract, Whistleblower Act, and tort claims. DISD responds asserting the trial court properly granted its plea to jurisdiction dismissing Nuttall's Education Code and breach-of-contract claims because Nuttall failed to exhaust mandatory administrative remedies and Nuttall's Whistleblower Act and tort claims because he failed to establish a waiver of DISD's immunity.

### A. Violation of the Education Code and Breach-of-Contract Claims

The Texas Legislature has granted the Commissioner of Education exclusive jurisdiction over certain claims involving the "school laws of this state" and over actions or decisions of any school district board that violate the "school laws of this state" or any provision of a written contract between the school district and a school district employee, if a violation causes or could cause monetary harm to the

---

[10] We note that Nuttall's PIA claim remains pending. He has not indicated why, subsequent to the grant of the plea to the jurisdiction, he did not assert the claim or claims he contends he should have been given the opportunity to plead.

employee. TEX. EDUC. CODE § 7.057(a) (1)–(2). The "school laws of the state" include all provisions of Titles I and II of the Education Code and the administrative rules adopted under those titles. *Id.* § 7.057(f)(2). The aggrieved person must file the petition for review with the Commissioner within 45 calendar days after a school board decision is first communicated to them and failure to comply with this deadline "will result in dismissal of the case." 19 TEX. ADMIN. CODE § 157.1049(a). The petitioner must raise all of his issues in the petition, or they are waived and will not be considered. *Id.* §157.1051(b). A party must exhaust his or her administrative remedies before courts can exercise jurisdiction. *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 546 (Tex. 2016).

After the Commissioner rules on the administrative appeal, if the petitioner disagrees with the decision and wishes to pursue the claim in court, he must appeal the decision to a district court in Travis County, name the Commissioner as a party along with the school district, and serve the Commissioner with citation of the suit. EDUC. § 7.057(d).

In his live pleading at the time the trial court granted DISD's plea to the jurisdiction, Nuttall asserted that the compensation DISD paid him violated the requirements for teacher pay in sections 21.401 and 21.402 of the Education Code, which are provisions in Title II of the Education Code and are part of the "school laws of the state." In addition, he claimed that his salary violated the terms of his employment contract. Thus, Nuttall alleged violations of the school laws of the state

and a breach of his written contract with DISD and claimed he suffered monetary harm thereby. Accordingly, these claims fell within the exclusive jurisdiction of the Commissioner of Education and Nuttall was required to exhaust the administrative remedies before pursuing a claim in court. *See Marquez*, 487 S.W.3d 545–46.

In support of its plea to the jurisdiction, DISD presented the declaration of its General Counsel, Romona Soto, establishing the following:

- On October 22, 2020, the DISD Board of Trustees held a Level III Grievance hearing on a compensation-related grievance by Nuttall.

- The Board unanimously voted to deny Nuttall's grievance.

- Nuttall was present when the Board announced its decision to deny his grievance on October 22, 2020.

- DISD was not aware, and had no records, that Nuttall timely and properly filed a petition for review with the Commissioner of Education under Texas Education Code, section 7.057 regarding the Board's decision to deny his grievance.

- DISD was not aware, and had no records, that the Commissioner of Education has ever docketed a case filed by Nuttall against DISD under Texas Education Code section, 7.057 about compensation.

- DISD was not aware, and had no records, that the Commissioner of Education has ever notified DISD of the filing of any petition by Nuttall against DISD under Texas Education Code, section 7.057 about compensation or asked DISD to respond to any such filing.

- DISD was not aware, and had no records, that the Commissioner of Education has ever issued any decision under Texas Education Code, section 7.057 regarding any compensation-related claim by Nuttall.

Thus, DISD established Nuttall failed to exhaust his administrative remedies. Nuttall did not present any evidence he started or completed the appeal process with

the Commissioner of Education with respect to his compensation complaints.[11] Consequently, the record established Nuttall did not exhaust the mandatory administrative remedies for his claims DISD's compensation decisions violated the Education Code and his employment contract.

Citing section 7.057(a-1) of the Education Code, Nuttall contends that he was not required to exhaust administrative remedies before filing suit. Section 7.057(a-1) is set forth in Title II of the Education Code. It states "[a] person is not required to appeal to the commissioner before pursuing a remedy under a law outside of Title I or this title [the school laws of the state] to which Title I or this title [the school laws of the state] make reference or with which Title I or this title [the school laws of the state] require[] compliance." EDUC. § 7.057(a-1). Section 7.057(a-1) does not relieve a person from appealing to the Commissioner of Education when the alleged violations of law fall under Title I or Title II of the Education Code. *Id.* In this case, Nuttall's claims that DISD violated sections 21.401 and 21.402 of the Education Code and breached his employment contract. Sections 21.401 and 21.402 fall under Title II of the Education Code. Accordingly, pursuant to section 7.057(a), Nuttall was required to appeal his compensation claims to the Commissioner of Education before seeking relief from the court. *Id.* § 7.057(a); *Marquez*, 487 S.W.3d at 546.

---

[11] We further note that Nuttall did not comply with the requirement that he file suit in Travis County and name the Commission of Education as a party.

–18–

Nuttall also claims that he is exempt from the requirement to exhaust administrative remedies because his compensation claims involve "issues of pure law." While Nuttall's claims involved questions of law, such as state law requirements for teacher compensation, they do not solely present questions of law. Rather, his compensation claims involve questions of historical fact, including the terms of his employment agreement, how much he earned, how many days he worked, how compensation was prorated, and DISD's general schedule for compensating teachers and policies and procedures. In addition, Nuttall's compensation claims involve mixed questions of law and fact, such as whether DISD violated the Education Code's requirements for teacher pay. Nuttall's compensation claims do not present purely legal questions that a court must resolve, absolving him of his failure to exhaust administrative remedies. *See, e.g.*, *Marquez*, 487 S.W.3d at 557 (finding plaintiffs' allegations that a school district improperly allocated state funds to schools, in violation of Title II of the Education Code, involved questions of historical fact, questions of law, and mixed questions of law and fact, and, therefore, applying the exhaustion of remedies requirement).

Because Nuttall was required to exhaust administrative remedies and to follow the procedures set forth in Title II of the Education Code and failed to do so, we conclude the trial court did not err in dismissing his Education Code and breach-of-contract claims for lack of subject-matter jurisdiction.

## B. Whistleblower Act Claim

In his live pleading at the time the trial court granted DISD's plea to the jurisdiction, with respect to his Whistleblower Act claim, Nuttall asserted DISD retaliated against him for reporting alleged disability discrimination in violation of the ADA to the Equal Employment Opportunity Commission ("EEOC"). The Whistleblower Act does not apply "to retaliation arising from employment discrimination complaints." *See City of Waco v. Lopez*, 259 S.W.3d 147, 154 (Tex. 2008). Separate anti-discrimination statutes "afford[] public employees . . . a specific and tailored anti-retaliation remedy" that those employees are "obliged to use." *Id.* at 156. Accordingly, immunity for a Whistleblower Act claim has not been waived, and the trial court lacked jurisdiction to consider Nuttall's claim relating to the EEOC charge. *See Wu v. Tex. A & M Int'l Univ.*, No. 04-11-00180-CV, 2011 WL 5406263, at *3 (Tex. App.—San Antonio Nov. 9, 2011, no pet.) (mem. op.). Nuttall's allegation that DISD retaliated against him for reporting alleged employment discrimination to the EEOC does not establish a waiver of DISD's governmental immunity for his Whistleblower Act claim.

Nuttall concedes his assertion of a claim under the Whistleblower Act fails. He contends the facts pleaded in support of a disability related retaliation should have been asserted under Chapter 21 of the Texas Labor Code or the ADA rather than under the Whistleblower Act. He claims DISD should have specially excepted to the pleadings before filing its plea to the jurisdiction. But a governmental unit is not precluded from challenging pleadings in a plea to the jurisdiction, when it could

–20–

have done so via special exceptions or motions for summary judgment. *State v. Lueck*, 290 S.W.3d 876, 884 (Tex. 2009); *Miranda*, 133 S.W.3d at 225–26. Moreover, Nuttall did not preserve any complaint about the lack of special exceptions because he did not raise it below. TEX. R. APP. P. 31.1.

### C. Tort Claims

The TTCA provides a limited waiver of immunity for certain suits against governmental entities and caps recoverable damages. *See* CIV. PRAC. & REM. § 101.023. The TTCA generally waives governmental immunity to the extent that liability arises from the "use of a motor-driven vehicle or motor-driven equipment" or from "a condition or use of tangible personal or real property." *Id.* § 101.021. For school districts, the TTCA's waiver is even narrower, encompassing only tort claims involving the use or operation of motor vehicles. *Id.* § 101.051. If a TTCA plaintiff cannot satisfy "the burden to affirmatively demonstrate the trial court's jurisdiction" by showing that the claim falls within a statutory waiver of immunity, the court must dismiss the suit. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019).

Nuttall's tort claims appear to concern his employment contract, compensation and PIA request. None of his claims arise from the operation or use of a motor vehicle. Thus, none of his tort claims fit within the limited scope of the TTCA's waiver of DISD's governmental immunity for tort claims. Because the

TTCA does not waive DISD's immunity from suit for any of Nuttall's tort claims, the trial court properly dismissed those claims for lack of subject-matter jurisdiction.

Having concluded that the trial court did not err in determining it lacked subject-matter jurisdiction over Nuttall's Education Code, breach of contract, Whistleblower Act, and tort claims, we overrule his third issue.

## CONCLUSION

We affirm the trial court's August 17, 2023, order dismissing Nuttall's Education Code, breach of contract, Whistleblower Act, and tort claims.

/Nancy Kennedy/
NANCY KENNEDY
230877F.P05                          JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

LUKE NUTTALL, Appellant

No. 05-23-00877-CV      V.

DALLAS INDEPENDENT
SCHOOL, Appellee

On Appeal from the 116th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-15006.
Opinion delivered by Justice
Kennedy. Justices Molberg and
Nowell participating.

        In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 17th day of June 2024.